**Ralph G. BELON, Appellant,**

v.

**Cleo Q. BELON, Appellee.**

**No. 1506.**

Supreme Court of Alaska.

June 26, 1972.

Warren A. Taylor, Fairbanks, for appellant.

Dallas L. Phillips, Fairbanks, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

PER CURIAM.

 A California court granted Cleo Q. Belon, plaintiff below, a judgment of separate maintenance against the defendant awarding her $600.00 monthly support and maintenance payments, $150.00 per month as child support, plus attorney's fees and court costs. She brought this action in Alaska alleging that defendant had failed to make the payments required and that as of October 1, 1969, there was $8,638.50 due and owing.

Defendant moved to dismiss on the grounds that he was a resident of the State of Florida and had not submitted himself to the jurisdiction of the California court. The motion referred to matters outside the pleading and was properly regarded by the trial court as a motion for summary judgment.[1] The court proceeded to deny the motion and to award a summary judgment in favor of the plaintiff, the nonmoving party, for the amount demanded in the complaint plus costs and attorney's fees.

Within 10 days from the date of the entry of the summary judgment defendant filed an answer denying the material allegations of the complaint and raising numerous defenses to the plaintiff's claim, in addition to the jurisdictional question which was the basis for the motion to dismiss. Defendant then moved to strike the summary judgment and when this motion was denied defendant appealed from the summary judgment.

 While under our rules[2] "[s]ummary judgment, *when appropriate*, may be rendered against the moving party" (emphasis ours) we find that in this case the summary judgment was improvidently granted. Without passing on the merits of the issues raised, we hold that while the court procedurally had the power to grant a partial summary judgment against the moving party, such judgment, however, should have been limited to the issue com-

ing before the court on defendant's motion. It was error, therefore, to award plaintiff a monetary judgment, which in effect prevented the defendant from being heard on his various additional defenses to plaintiff's claim. The summary judgment accordingly is reversed and the case remanded.